AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America <br> v. <br> MARCO CUPIL-HERNANDEZ <br><br> *Defendant(s)* | ) <br> ) <br> )   Case No. <br> ) <br> ) <br> ) <br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 23, 2025 in the county of Webb in the Southern District of Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 111(a)(1) and (b) | Assaulting, resisting, or impeding certain officers or employees and such acts involved physical contact, and inflicted bodily injury. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

/s/Mark D. Christenson
*Complainant's signature*

Mark D. Christenson, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jan. 27, 2025

*Judge's signature*

City and state: Laredo, Texas     Diana Song Qurioga, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. On January 23, 2025 MARCO CUPIL-HERNANDEZ was in United States Border Patrol (BP) Custody and had been taken to Doctor's Hospital in Laredo, TX by Border Patrol Agent (BPA) Peralta related to complaints made by CUPIL-HERNANDEZ to pain in his knee. CUPIL-HERNANDEZ was seen by medical personnel at Doctor's Hospital and was released from the hospital, as a result CUPIL-HERNANDEZ was being escorted to a marked BP vehicle by BPA Peralta who was wearing his BP Uniform.
2. As CUPIL-HERNANDEZ and BPA Peralta were walking to the marked BP vehicle, CUPIL-HERNANDEZ paused at least twice because CUPIL-HERNANDEZ claimed his knee was hurting and he needed to rest. During these pauses BPA Peralta observed CUPIL-HERNANDEZ to be scanning the surrounding area. BPA Peralta opened the door to the marked BP vehicle and was assisting CUPIL-HERNANDEZ into the vehicle when CUPIL-HERNANDEZ forcibly pushed BPA Peralta's hands off him, CUPIL-HERNANDEZ then began to flee away from BPA Peralta and the marked BP vehicle.
3. BPA Peralta grabbed CUPIL-HERNANDEZ as he was fleeing and attempted to gain control of him, both BPA Peralta and CUPIL-HERNANDEZ went onto the ground at which point CUPIL-HERNANDEZ then forcibly assaulted and resisted BPA Peralta as he attempted to gain control. BPA Peralta grabbed CUPIL-HERNANDEZ's clothing and CUPIL-HERNANDEZ pulled away and removed the clothing. CUPIL-HERNANDEZ, who was now only wearing underwear was then able to break free of BPA Peralta's control by pushing and elbowing the agent, and again attempted to flee.
4. BPA Peralta was able to grab CUPIL-HERNANDEZ a second time and the two went to the ground as BPA Peralta again attempted to gain control. CUPIL-HERNANDEZ again forcibly assaulted and resisted BPA Peralta by pushing and elbowing the BPA as he attempted to gain control of CUPIL-HERNANDEZ, CUPIL-HERNANDEZ was then able to break free from BPA Peralta. CUPIL-HERNANDEZ then fled on foot from the vicinity of Doctor's hospital towards the intersection of McPherson Rd and San Isidro Pkwy.
5. CUPIL-HERNANDEZ, who was being actively pursued by BPA Peralta then crossed over McPherson Rd and entered the parking area of the Gold's Gym. CUPIL-HERNANDEZ was located in the parking area by BPA Martinez who had arrived to assist BPA Peralta. CUPIL-HERNANDEZ was then placed into custody by BPA Peralta and BPA Martinez in the parking lot of the Gold's Gym.
6. BPA Peralta was assessed at a local emergency room for injuries sustained during the incident. The BPA advised medical personnel that he received injuries resulting from a violent struggle involving physical blows and was given a no-work restriction until January 29, 2025 as a result of the incident with CUPIL-HERNANDEZ.
7. Based on my experience and the aforementioned facts, I believe there is probable cause that MARCO CUPIL-HERNANDEZ did assault, resist, or impede BPA Peralta in performing his official duties as a BPA in violation of Title 18 United States Code Section 111.

_____
Mark D. Christenson
Special Agent
Federal Bureau of Investigation